UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**E-Z-DOCK, INC.,**

      **Plaintiff,**

v.                                           Case No: 6:21-cv-2155-ACC-EJK

**KONADOCKS LLC and BRIAN HALL,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff E-Z-Dock, Inc.'s Amended Motion for Writ of Garnishment (After Judgment) (the "Motion"), filed November 22, 2022, on Truist Bank (the "Garnishee"). (Doc. 25.) Attached to the Motion is a proposed writ. (Doc. 25-2.)

Plaintiff moves post-judgment for issuance of a writ of garnishment on the Garnishee. On September 1, 2022, the Court entered judgment in favor of Plaintiff and against Defendants KonaDocks LLC and Brian Hall, jointly and severally, in the amount of $1,600,000 in statutory damages and $922 in costs, plus post-judgment interest. (Doc. 22.) Plaintiff represents that the Garnishee "is in possession of money or other property of Defendants that could be used to pay a portion of the Judgment." (Doc. 25 at 2.)

"A money judgment is enforced by a writ of execution . . . ." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state

where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04.

Plaintiff has complied with Rule 69 and Florida law—the proposed writ of garnishment contains all the necessary language under § 77.04. Thus, the Court finds that Plaintiff has demonstrated entitlement to the writ.

Accordingly, it is hereby **ORDERED** that Plaintiff E-Z-Dock, Inc.'s Amended Motion for Writ of Garnishment (After Judgment) (Doc. 25) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment (Doc. 25-2).

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE